UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YUDI DIAZ,

                     Plaintiff,

-against-

RIKERS ISLAND; CAPTAIN JACQUEZ #1604; C.O. WILLIAMS #17216; C.O. THORN #3567; C.O. LUNDY #9147; SANTANA; MARSHAL PARSONS; LEILA ANIKA; PRECIOUS WILLIAMS; CHAMPAGNE WILKINS; AND TATIANA LINDO,

                     Defendants.

22-CV-8443 (LJL)

ORDER OF SERVICE

---

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who is currently in pretrial detention in the Rose M. Singer Center (RSMC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. By order dated October 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.    Rikers Island**

Plaintiff's claims against Rikers Island must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Rikers Island is not a "person" within the meaning of Section 1983. *See generally Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Facility Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983).

**B.    Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants Captain Jacquez #1604; C.O. Williams #17216; C.O. Thorn #3567; and C.O. Lundy #9147 waive service of summons.[2]

---

[2] The Court will address at a later stage the issue of ordering service on the RMSC detainees named as defendants (Santana, Marshal Parsons, Leila Anika, Precious Williams, Champagne Wilkins, and Tatiana Lindo).

C.     **Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

Plaintiff's claims against Rikers Island are dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants Captain Jacquez #1604; C.O. Williams #17216; C.O. Thorn #3567; and C.O. Lundy #9147 waive service of summons.

The Clerk of Court is further directed to mail an information package to Plaintiff.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: October 12, 2022
New York, New York

LEWIS J. LIMAN
United States District Judge