UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

YUDI DIAZ,                                   :
                                                    :

                    Plaintiff,                :

                                                    :               22-cv-8443 (LJL)

            -v-                                :

                                                    :        MEMORANDUM &
JACQUEZ, *et al.*,                       :               ORDER
                                                      :

                    Defendants.         :

                                                    :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Plaintiff Yudi Diaz ("Plaintiff"), proceeding *pro se*, filed a complaint in this case on

October 4, 2022.  *See* Dkt. No. 2.  The complaint alleges that correctional officers failed to

intervene on several occasions when Plaintiff was attacked by other inmates at the Rose M.

Singer Center on Rikers Island, which resulted in injuries to Plaintiff.  *Id.* at 4–5.  In the Court's

order of December 12, 2020, granting Plaintiff's *in forma pauperis* status, Plaintiff was advised

that it was Plaintiff's "obligation to promptly submit a written notification to the Court if

Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so."  Dkt.

No. 4 at 2; *see also* Dkt. No. 2; Dkt. No. 7 at 2.  The docket reflects that a copy of that Order was

mailed and delivered to Plaintiff at the Vernon C. Bain Center.  Dkt. No. 7.  The Court scheduled

an initial pretrial conference for March 20, 2023, Dkt. No. 14, and the order scheduling the

conference was mailed to Plaintiff the next day, *see* Mailing Receipt, 1/12/2023.  The docket

indicates that the order scheduling the initial pretrial conference was returned to sender because

it was "not deliverable as addressed" and the recipient was "unable to forward" the letter.  *See*

Dkt. Entry, 1/26/2023 (cleaned up).

On February 6, 2023, Defendants moved by letter to dismiss the case for failure to prosecute, because "Plaintiff's address has changed, and she has failed to update the Court of any change in address." Dkt. No. 15 at 1. The next day, Defendants requested an extension of time to respond to the complaint and requested that the initial pretrial conference be adjourned. Dkt. No. 17. The Court granted Defendants' request for an extension of time, but denied their request to adjourn the initial pretrial conference. Dkt. No. 18. Instead, the Court ordered Plaintiff "to show cause [at the initial pretrial conference] why Plaintiff has not updated the address provided to the Clerk's Office and why this case should not otherwise be dismissed for failure to prosecute." *Id.* The docket indicates that the Court's Order was mailed to Plaintiff, *see* Mailing Receipt, 2/9/2023, and that the order was returned to sender, *see* Docket Entry, 3/7/2023.

On March 20, 2023, the Court held the initial pretrial conference. *See* Minute Entry, 3/20/2023. Counsel for Defendants appeared, but Plaintiff did not. Dkt. No. 21. The Court ordered Defendants to make a formal motion to dismiss on or before April 24, 2023 and to serve Plaintiff at the last known address. *Id.* After receiving an extension of time to file the motion, *see* Dkt. No. 23, Defendants filed their motion to dismiss for failure to prosecute on May 8, 2023, *see* Dkt. Nos. 24–25. On May 9, 2023, at the direction of the Court, an attorney with the Pro Se Intake Unit of the United States District Court of the Southern District of New York investigated whether it was possible to locate an updated address for Plaintiff. Specifically, the attorney investigated whether (1) Plaintiff had any other cases in which an address might have been provided; (2) Plaintiff had been transferred to a prison elsewhere in New York State; (3) Plaintiff had a parole officer to whom the order might be sent; and (4) Plaintiff had any pending criminal matters in New York State Supreme Court. The attorney was unable to locate an updated address for Plaintiff. On May 11, 2023, the Court directed Plaintiff "to respond to

Defendants' motion on or before June 11, 2023 and to show cause why this case should not be dismissed for failure to prosecute." Dkt. No. 28.  The docket again reflects that this order was sent to Plaintiff's last known address, *see* Mailing Receipt, 5/12/2023, but the mailing was again returned to sender, *see* Docket Entry, 5/30/2023.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors.  Plaintiff has not prosecuted its case at all for more than eight months.  "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant

dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient. *Id*. (collecting cases). Plaintiff was given notice in the Court's order at Dkt. No. 4, that failure to keep Plaintiff's address updated could result in dismissal of this case. Plaintiff was also given notice in the Court's orders at Dkt. Nos. 18, 28, that failure to prosecute this action might also result in dismissal. Although there is no specific evidence on the record that delay will prejudice Defendants—indeed, there is no record beyond the complaint, the Court's orders, and Defendants letters and motions—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . failures to appear at court-ordered conferences demonstrate that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: June 13, 2023
      New York, New York                   LEWIS J. LIMAN
                                          United States District Judge